UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| OZIEL MARTINEZ, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 07-2141 (ESH) |
| ATTORNEY GENERAL FOR THE UNITED STATES, *et al.*, | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

Petitioner, a federal prisoner at the Federal Correctional Institution in Big Spring, Texas, has filed a petition for a writ of habeas corpus challenging his conviction in the United States District Court for the Northern District of Illinois following a plea of guilty. Petitioner raises, *inter alia*, various jurisdictional challenges to his conviction and alleges that his counsel was ineffective for failing to raise the jurisdictional issues. (*See* Pet. at 7-9.)

Such claims, however, must be presented to the sentencing court pursuant to 28 U.S.C. § 2255, which provides in relevant part that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*See also Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (where prisoner attacked the constitutionality of the statute under which he was convicted and sentenced, the

proper remedy was a motion pursuant to 28 U.S.C. § 2255); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) (challenge to errors that occurred during or before sentencing must be addressed in a § 2255 petition, and the only court with jurisdiction to hear such a challenge is the sentencing court). Section 2255 further provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Petitioner has not moved for relief under § 2255 (*see* Pet. at 3), nor has he has demonstrated the inadequacy of that remedy to test the legality of his detention.[1] The Court therefore may not entertain the application for a writ of habeas corpus, and the case will be dismissed.

          /s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: December 4, 2007

---

[1] Despite petitioner's argument to the contrary, his assertion that the "Legislative Territorial Court wherein the issues now complained of arose[] lacks the Constitutional and Congressional authority to entertain or adjudicate the issues [raised by his petition]" (Pet. at 10) does not render a § 2255 motion an inadequate remedy. *See Williams v. United States*, 283 F.2d 59, 60 (10th Cir. 1960) ("Lack of jurisdiction is a specific ground for relief under § 2255 and may be adequately and effectively tested by that procedure.").